UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HOLLAND, SR.,

    Plaintiff,

v.

ST. JOHN HOSPITAL and
DR. ELIZABETH MARCUZ,

    Defendants.
_____/

Case No. 22-10668

HON. DENISE PAGE HOOD

## ORDER GRANTING DEFENDANT ST. JOHN HOSPITAL'S RENEWED MOTION TO DISMISS (#19), GRANTING DEFENDANT DR. ELIZABETH MARCRUZ'S MOTION TO DISMISS (#23) and DISMISSING ACTION

**I.     BACKGROUND**

This matter is before the Court on Defendants St. John's Hospital/Ascension Macomb Oakland Hospital's and Dr. Elizabeth Marcuz's Motions to Dismiss. Responses have been filed and a hearing held on the matter.

On March 29, 2022, Plaintiff Cory Holland, Sr., proceeding *pro se*, filed a Complaint (ECF No. 1), amended on July 11, 2022, alleging that Dr. Marcuz is a state actor who conspired with an unknown police officer to violate Holland's civil rights due to race and disability.  After a horrific car accident on February 14, 2018, Holland was rushed to the emergency room at St. John's Hospital/Ascension Macomb Oakland Hospital. (ECF No. 16, PageID.110) After Holland had been treated by nurses, Dr. Marcuz came to see Holland with an unknown police officer.

(ECF No. 16, PageID.112) Holland heard the unknown police officer tell Dr. Marcuz that "this guy is piece shit" and that the officer asked Dr. Marcuz to "do me a favor." The officer and Dr. Marcuz thereafter left out of Holland's view. When Dr. Marcuz returned, she was smirking and ordered the brace removed from Holland's neck, forcing him not to have support to his neck. (ECF No. 16, PageID.112) Holland was discharged and Dr. Marcuz never offered to assist Holland. *Id.*

Holland does not recall how he made it home, but that he was found on the floor by his neighbor the next day. His condition deteriorated and was eventually rushed back to the emergency room at Beaumont Royal Oak where he was diagnosed with severed TBI from the February 14, 2018 accident. Holland claims Dr. Marcuz and the unknown officer wrote fake reports, which would later be used to deny Holland insurance benefits. Holland asserts that Dr. Marcuz refused to treat him and that she mocked his injuries and his condition, after she met with the police officer. *Id*. Holland lists "1983 section 42, ADA" as the federal statutes at issue in this case. (ECF No. 16, PageID.109).

St. John's Hospital/Ascension Macomb Oakland Hospital and Dr. Marcuz move to dismiss the Amended Complaint because the statutes of limitations have passed on Holland's claims under 42 U.S.C. § 1983 and the Americans with

2

Disabilities Act. Defendants also argue that they are not state actors and, as such, any constitutional violation claims raised under 42 U.S.C. § 1983 must be dismissed. Defendants move to dismiss under Rules 12(b)(1), 12(b)(6) and 12(c) of the Rules of Civil Procedure.

## II. ANALYSIS

### A. Standard of Review

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) ("A rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss.") (citations omitted). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or 12(c), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual

allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). In reviewing a motion under Rule 12(b), the "court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). When faced with a challenge to subject matter jurisdiction, "a court must address that issue before all others." *Cain v. Redbox Automated Retail,*

*LLC*, 981 F. Supp.2d 674, 681 (E.D. Mich. 2013) (collecting cases). Motions under Rule 12(b)(1) fall into two categories: "facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges "the sufficiency of the pleading itself," and the "court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A factual attack does not challenge the sufficiency of the allegations, but is a "challenge to the factual existence of subject matter jurisdiction," to which "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear a case." *Id*. (internal citation omitted).

As Holland filed his papers *pro se*, the Court will interpret the papers liberally. *Hughes v. Rowe*, 499 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). *Pro se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants from failing to follow

5

basic procedural requirements such as filing deadlines and grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### B. Statute of Limitations

42 U.S.C. §1983 does not include a specific statute of limitation, but federal courts may borrow state statute of limitations that is "most analogous" may be applied. *Wilson v. Garcia*, 471 U.S. 261, 276–280 (1985). In Michigan, the general statute of limitations for personal injury actions is three years. See M.C.L. § 600.5805(2).

Acts of Congress enacted after December 1, 1990, is governed by 28 U.S.C. § 1658, which prescribes a four-year statute of limitations period. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Alternatively, if the federal cause of action arises under an Act of Congress enacted before December 1, 1990, courts borrow the most analogous state limitations period, so long as the application of state law is not at odds with the purpose or operation of federal substantive law. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)(internal quotation marks and citations omitted). The ADA was enacted in July of 1990, while the amendments to the ADA (the ADAAA) became effective in 2008. The

ADA enacted before December 1, 1990 must borrow an analogous state court statute of limitations, while the amendments after December 1, 1990 has a four-year statute of limitations. Since neither the ADA, nor the Rehabilitation Act provides a statute of limitations, courts must also borrow one from the most analogous state cause of action. *McCormick v. Miami Univ.*, 693 F.3d 654, 663 (6th Cir. 2012). The statute of limitations for personal injury cases in Michigan as noted above is three years under M.C.L. § 600.5805(2). Any claims sounding in medical malpractice has a two-years statute of limitations in Michigan pursuant to M.C.L. § 600.5805(6).

A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damages result." M.C.L. § 600.5827. The limitations period begins to run when the claim accrues. *Id*. A wrong "was done" when the defendant's act harmed the plaintiff, not when the defendant's conduct occurred. *See Stephens v. Dixon*, 536 N.W.2d 755, 756 (Mich. 1995). It is not when a plaintiff discovers the claim. *See Trentadue v. Gorton*, 738 N.W.2d 664, 670-72 (Mich. 2007) ("Courts may not employ an extra-statutory discovery rule to toll accrual in avoidance of the plain language of M.C.L. § 600.5827").

Holland's Amended Complaint states that the accident occurred on February 14, 2018 and that he was rushed to the emergency room of St. John's Hospital/

Ascension Macomb Oakland Hospital. Dr. Marcuz saw Holland that day and that she did not treat or assist him. Holland filed the instant Complaint on March 29, 2022, more than four (4) years after the accident and the day Dr. Marcuz saw Holland in the emergency room at St. John's Hospital/Ascension Macomb Oakland Hospital.

Given the three-year statute of limitations under 42 U.S.C. § 1983 as to any constitutional violation claims against Defendants, such claims must be dismissed. Any claims under the ADA or the Rehabilitation Act must also be dismissed under either the four-year federal statute of limitations or the analogous personal injury three-year statute of limitations. Holland's claims sounding in medical malpractice must also be dismissed under the two-year statute of limitations. The Court, having liberally construed Holland's Amended Complaint, must dismiss his various claims based on the statutes of limitations noted above.

Inasmuch as Holland may argue that the statute of limitations must be tolled because he suffered brain injury and was incapacitated, Defendants submitted exhibits to their motions showing that Holland filed a lawsuit in the Oakland County Circuit Court on October 5, 2018 alleging negligence and insurance benefits under Michigan's No-Fault Act. (ECF Nos. 19, 23) Defendants note that the lawsuit was filed by counsel representing Holland, but was not filed under any

8

guardianship capacity nor in any personal representative capacity. Holland in 2018 had knowledge that he may have some sort of claim against various persons and entities because he was able to file a lawsuit stemming from the same accident as in this case.

### C. 42 U.S.C. 1983, Constitutional Claims

Defendants assert they are not state actors and, as such, any constitutional claims under Section 1983 must be dismissed.

Section 1983 provides relief for a plaintiff who has been deprived of a federal statutory or constitutional right by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). This "under the color of state law" requirement of section 1983 is the equivalent of the "state action" requirement for violations of the Fourteenth Amendment Due Process Clause. *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). When filing a claim for a constitutional violation, a plaintiff must allege some form of state action because the Due Process clause "protects individuals only from governmental and not from private action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). The party charged with violating a plaintiff's constitutional rights "must be a person who may fairly be said to be a state actor." *Id.* at 937.

Defendants in this case are a hospital and a doctor working for the hospital. There are no facts in the Complaint which shows Defendants were acting as a governmental entity nor for a governmental entity. Defendants, in their capacity as a hospital and doctor, did not act under a "state action" nor as "state actors." Even liberally construing the Amended Complaint, Holland does not have a cognizable claim against the Defendants for any alleged federal constitutional violations, and such claims must be dismissed.

D. **ADA Claims**

Title III of the ADA "prohibits discrimination on the basis of disability in public accommodations operated by private entities." *Sandison v. Michigan High Sch. Ass'n, Inc.*, 64 F.3d 1026, 1036 (6th Cir. 1995). A private plaintiff suing under Title III of the ADA can obtain injunctive relief, but not compensatory damages. 42 U.S.C. § 12188; 28 C.F.R. 36.504. A private party must establish standing to seek injunctive relief under the ADA. *Davis v. Flexman*, 109 F. Supp. 2d 776, 783 (S.D. Ohio 1999).

Liberally construing the Amended Complaint, Holland does not allege that he is seeking injunctive relief under the ADA, but instead seeks damages. Holland's claims under the ADA for public accommodation must be dismissed.

10

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff St. John's Hospital/Ascension Macomb Oakland Hospital's Renewed Motion to Dismiss (ECF No. 19) is GRANTED and St. John Hospital is DISMISSED from this action.

IT IS FURTHER ORDERED that Plaintiff Dr. Elizabeth Marcuz's Motion to Dismiss (ECF No. 23) is GRANTED and Dr. Marcuz is DISMISSED from this action.

IT IS FURTHER ORDERED that this action is DISMISSED and designated as CLOSED on the Court's docket.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)).

                                                                s/Denise Page Hood
                                                                DENISE PAGE HOOD
                                                                United States District Judge

DATED: September 30, 2024