UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HOLLAND, SR.,

    Plaintiff,

v.

                              Case No. 22-10668-DT

ST. JOHN HOSPITAL AND         HON. DENISE PAGE HOOD
ELIZABETH MARCUZ,

    Defendants.
_____/

**ORDER DENYING MOTION TO ALTER OR AMEND ORDER ON MOTION TO DISMISS AND JUDGMENT (ECF No. 31)**

This matter is before the Court on Plaintiff Cory Holland, Sr.'s Motion to Alter or Amend the Court's Order on Motion to Dismiss and Judgment, which the Court considers as a motion under Fed. R. Civ. P. 59(e), E.D. Mich. LR 59.1. (ECF No. 31) On September 30, 2024, the Court entered an Order Granting Defendant St. Juhn Hospital's Renewed Motion to Dismiss and Defendant Dr. Elizabeth Marcruz's Motion to Dismiss and Dismissing Action, and a Judgment. (ECF Nos. 29, 30)

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may

1

be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Parties seeking reconsideration of final orders or judgments must file a motion under Rule 59(e) and not under the Local Rules. E.D. Mich. LR 7(h)(1).

After reviewing Plaintiff's Motion, the Court finds that Plaintiff's Motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Plaintiff's Motion has not shown that the Court committed a clear error of law nor a palpable defect. The Court dismissed Plaintiff's Complaint based on the statute of limitations, that Defendants were not state actors as required to state a claim under 42 U.S.C. § 1983, and that Holland was not seeking injunctive relief as to his claim under the Americans with Disabilities Act. Plaintiff has not shown that altering the Order and Judgment would prevent manifest injustice. In addition, any new arguments Plaintiff raised in his Motion are not proper under Rule 59(e). The Motion to Alter Judgment under Rule 59(e) is denied.

Accordingly,

IT IS ORDERED that Plaintiff's Motion To Alter or Amend the Court's Order on Motion to Dismiss and Judgment **(ECF No. 31) is DENIED**.

IT IS FURTHER ORDERED that any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                                  s/Denise Page Hood  
                                                  DENISE PAGE HOOD  
                                                  United States District Judge

DATED:   August 28, 2025